Micah K. Nilsson, Esq. (SBN250919)
Justin L. Thomas, Esq. (SBN 288590)
**ZIMMER & MELTON, LLP**
11601 Bolthouse Drive, Suite 100
Bakersfield, California 93311
Telephone: 661.463.6700
Facsimile: 661.501.4221
mnilsson@zimmermelton.com
jthomas@zimmermelton.com

Attorneys for Plaintiff: MATTHEW MCCALEB

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| MATTHEW MCCALEB,<br><br>Plaintiff,<br><br>v.<br><br>BLACK & DECKER (U.S.) INC., STANLEY BLACK & DECKER, INC., HOME DEPOT U.S.A., INC. and Does 1 through 50, Inclusive.<br><br>Defendant. | Civil Action No. 1:20-cv-00937-AWI-JLT<br><br>**STIPULATION AND ORDER TO AMEND SCHEDULING ORDER**<br><br>(Doc. 20) |

Pursuant to Local Rule 143, Matthew McCaleb ("Plaintiff") and Black & Decker (U.S.) Inc., and Home Depot U.S.A., Inc. (collectively "Defendant") stipulate and ask the Court to Order that the scheduling order entered on October 1, 2020 (ECF No. 11) be modified by extending certain discovery and discovery motion deadlines approximately 90 days.

Pursuant to the October 1, 2020 Scheduling Order:

The discovery deadline for non-expert discovery is currently set for July 9, 2021;

The deadlines for disclosure of expert witnesses are July 23, 2021 (Plaintiff), August 6, 2021 (Defendant), and September 3, 2021 (Plaintiff's rebuttal);

The discovery deadline for expert discovery is currently set for October 4, 2021;

The deadline for filing non-dispositive pre-trial motions is October 18, 2021;

| | |
|---|---|
| 1 | The deadline for filing dispositive motions is December 13, 2021; |
| 2 | The Pre-Trial Conference is scheduled for March 18, 2022; |
| 3 | Trial is scheduled for May 16, 2022; |
| 4 | <u>The parties have conducted the following written discovery and depositions</u>: |
| 5 | 1.	Defendant provided initial disclosure statement on October 19, 2020; |
| 6 | 2.	Plaintiff provided initial disclosure statement on October 19, 2020; |
| 7 | 3.	Plaintiff provided supplemental disclosure statement on March 5, 2021; |
| 8 | 4.	Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of |
| 9 | Premises in a Civil Action (Mercy Hospital); |
| 10 | 5.	Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of |
| 11 | Premises in a Civil Action (KFH/SCPMG); |
| 12 | 6.	Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of |
| 13 | Premises in a Civil Action (American-Ambulance Fresno); |
| 14 | 7.	Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of |
| 15 | Premises in a Civil Action (Wonderful Pistachio & Almonds, LLC); |
| 16 | 8.	Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of |
| 17 | Premises in a Civil Action (California Pacific Medical Center – Medical Records); |
| 18 | 9.	Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of |
| 19 | Premises in a Civil Action (California Pacific Medical Center – Billing); |
| 20 | 10.	Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of |
| 21 | Premises in a Civil Action (California Pacific Medical Center – Radiology); |
| 22 | 11.	Deposition of Robert Wallace completed on May 18, 2021; |
| 23 | 12.	Deposition of Cheyenne Wallace completed on May 18, 2021; |
| 24 | <u>The following discovery and depositions are outstanding</u>: |
| 25 | 1.	Defendant's responses to Plaintiff's Request for Production of Documents, Set One |
| 26 | (due date extended from 6/21/21 to 7/6/21); |
| 27 | 2.	Defendant's responses to Plaintiff's Special Interrogatories, Set One (due date |
| 28 | extended from 6/21/21 to 7/6/21); |

3. Defendant's Notice of Taking Deposition of Plaintiff Matthew McCaleb (noticed for July 8, 2021), and defendant requests that it be in person;

4. Plaintiff's Rule 30(b)(6) Deposition Notice Directed to Defendant Black & Decker (U.S.) Inc. (noticed for July 8, 2021);

Good cause exists to extend the discovery deadlines. Despite the parties' efforts to adhere to the existing discovery deadlines, the parties require additional time to complete non-expert discovery to accommodate the schedules of the parties, counsel, and witnesses and to allow Mr. McCaleb's deposition to be in person. (See Declaration of Nilsson, attached as Exhibit "A" and Declaration of N Kliebenstein, attached as Exhibit "B"). An extension of the discovery deadlines will permit the parties needed time to complete non-expert discovery and explore potential informal resolution.

The parties have agreed to engage in mediation. The parties agreed to use Peter Searle, Esq. of Judicate West as mediator. Unfortunately, Mr. Searle did not have availability until November 2021, so the parties are currently confirming the availability of William Smith, Esq. to serve as mediator with a mediation date in September, 2021. (See Declaration of Nilsson, attached as Exhibit "A" and Declaration of N Kliebenstein, attached as Exhibit "B").

The discovery deadlines may be continued without requiring continuance of the dispositive motion deadline, pre-trial conference or trial date.

To permit the parties additional time to complete non-expert discovery and explore potential resolution, the parties stipulate, by and through their respective counsel of record, that:

1. This stipulation is executed by all parties who have appeared in and are affected by this action;

2. Good cause exists to modify the October 1, 2020 Scheduling Order in order to permit the parties to complete pending non-expert discovery in light of the availability of the parties, counsel, and witnesses prior to the existing non-expert discovery cut off, and to permit the parties additional time to explore settlement (including completing mediation) before the parties incur additional expense related to expert witnesses expert discovery.

3. The deadline to complete non-expert discovery be continued to October 12, 2021;

4. The deadline for Plaintiff to disclose expert witnesses be continued to November 1, 2021;

5. The deadline for Defendant to disclose expert witnesses be continued to November 22, 2021;

6. The deadline for Plaintiff to disclose rebuttal expert witnesses be continued to December 15, 2021;

7. The deadline to complete expert discovery be continued to January 7, 2022;

8. The deadline to file non-dispositive pre-trial motions, including discovery motions, be continued to January 18, 2022;

9. The deadline for hearings on non-dispositive pre-trial motions, including discovery motions, be continued to February 14, 2022

10. All other deadlines set forth in the Court's Scheduling Conference Order shall remain in effect.

Dated: June 23, 2021                    ZIMMER & MELTON, LLP


By: /s/ Micah K. Nilsson
Micah K. Nilsson
Justin L. Thomas
Attorneys for Plaintiff
MATTHEW MCCALEB


Dated: June 23, 2021                    BOWMAN AND BROOKE LLP


By: /s/ Neil M. Kliebenstein
Neil Kliebenstein
Samuel J. Galvin
Attorneys for Defendants
Black & Decker (U.S.) Inc. and Home Depot U.S.A., Inc.

**<u>ORDER</u>**

Based upon the stipulation of the parties and good cause appearing, the Court **ORDERS** the case schedule to be amended as follows,

1. The parties **SHALL** complete non-expert discovery **no later than October 12, 2021**.

2. The parties **SHALL** complete expert discovery **no later than January 7, 2022**. The plaintiff **SHALL** disclose expert witnesses **no later than November 1, 2021**. The defense **SHALL** disclose expert witnesses **no later than November 22, 2021**. The plaintiff **SHALL** disclose rebuttal expert witnesses **no later than December 15, 2021**;

3. The parties **SHALL** file non-dispositive motions, if any, **no later than January 18, 2022**. They **SHALL** be set for hearing **no later than February 18, 2022**.

No other amendments of the case schedule are authorized.

IT IS SO ORDERED.

   Dated: **June 23, 2021**            /s/ **Jennifer L. Thurston**
                                                      CHIEF UNITED STATES MAGISTRATE JUDGE

Exhibit "A"

Declaration of Micah K. Nilsson, Esq.

I, Micah K. Nilsson, Esq., hereby declare:

1. I am an attorney licensed to practice before this Court. I am one of the attorneys representing Plaintiff, Matthew McCaleb with respect to Case No. 1:20-cv-00937-AWI-JLT.

2. On behalf of Plaintiff, Matthew McCaleb, my firm has served written discovery on the Defendants and noticed the deposition of Defendants Person Most Qualified.

3. The responsive time for Defendants to complete the discovery and produce the noticed Persons Most Qualified for deposition conforms with the Scheduling Order. However, due to scheduling issues of counsel and the witnesses, the depositions will not be completed prior to the non-expert discovery cut-off.

4. I anticipate that there may be some additional discovery Plaintiff needs to propound after completing the deposition(s) of Defendants PMQ(s) in order to be thorough with discovery and improve the quality of the trial.

5. The requested modification to the Scheduling Order will permit the parties time to complete necessary non-expert discovery and explore potential informal resolution.

6. The parties have agreed to engage in mediation, and are currently confirming the availability of William Smith, Esq. to serve as mediator with an anticipated mediation date in September 2021.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 23, 2021                    ZIMMER & MELTON, LLP


                                             By: /s/ Micah K. Nilsson
                                             Micah K. Nilsson
                                             Justin L. Thomas
                                             Attorneys for Plaintiff
                                             MATTHEW MCCALEB

Exhibit "B"

Declaration of Neil Kliebenstein, Esq.

I, Neil Kliebenstein, Esq., hereby declare:

1. I am an attorney licensed to practice before this Court. I am one of the attorneys representing Defendants Black & Decker (U.S.) Inc., Stanley Black & Decker, Inc., and Home Depot U.S.A., Inc. (collectively "Defendants") with respect to Case No. 1:20-cv-00937-AWI-JLT.

2. On behalf of Defendants, my firm has served written discovery on the Plaintiff, served several third-party subpoenas, and deposed percipient witnesses.

3. Defendants timely served Plaintiff with a deposition notice, which conforms with the Scheduling Order. However, due to scheduling issues of counsel and the witnesses, and defendants' request for an in-person deposition completion of the deposition will not be completed prior to the non-expert discovery cut-off.

4. I anticipate that there may be some additional discovery Defendants need to propound after completing the Plaintiff's deposition in order to be thorough with discovery and improve the quality of the trial.

5. Plaintiff served Defendants with a timely notice to depose Defendants' Person(s) Most Qualified. However, due to scheduling issues of counsel and the Person(s) Most Qualified, the depositions will not be completed prior to the non-expert discovery cut-off.

6. The requested modification to the Scheduling Order will permit the parties time to complete necessary non-expert discovery and explore potential informal resolution.

7. The parties have agreed to engage in mediation, and are currently confirming the availability of William Smith, Esq. to serve as mediator with an anticipated mediation date in September 2021, subject to his availability. Mediator Peter Searle, who the parties had agreed to, is not available until November.

/ / /

/ / /

/ / /

/ / /

7

1:20-cv-00937-AWI-JLT

1 | I declare under penalty of perjury under the laws of the State of California that the
2 | foregoing is true and correct.
3 | Executed on June 23, 2021        BOWMAN AND BROOKE LLP

By: /s/ Neil M. Kliebenstein
Neil Kliebenstein
Samuel J. Galvin
Attorneys for Defendants
Black & Decker (U.S.) Inc. and Home Depot U.S.A., Inc.